# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| VISION WORKS IP CORP., | |
| Plaintiff, | Civil Action No. 2:25-cv-00429 |
| v. | **JURY TRIAL DEMANDED** |
| SUZUKI MOTOR CORPORATION, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vision Works IP Corp. (hereinafter, "Plaintiff" or "Vision Works") files this Complaint for patent infringement against Defendant Suzuki Motor Corporation (hereinafter, "Suzuki" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 8,315,769 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8315769 <br> https://patents.google.com/patent/US8315769B2/en?oq=8%2c315%2c769 |
| 2. | 8,437,935 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8437935 <br> https://patents.google.com/patent/US8437935B2/en?oq=8%2c437%2c935 |

|     | **U.S. Patent No.** | **Reference** |
| --- | --- | --- |
| 3. | 8,682,558 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8682558<br><br>https://patents.google.com/patent/US8682558B2/en?oq=8%2c682%2c558 |
| 4. | 10,391,989 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10391989<br><br>https://patents.google.com/patent/US10391989B2/en?oq=10%2c391%2c989 |

2.     Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

3.     Vision Works is a corporation organized and existing under the laws of the State of Washington and maintains its principal place of business at 202 Mineral Road N., Mineral, Washington, 98355 (Lewis County).

4.     Based upon public information, Suzuki is a corporation organized under the laws of the Japan since March 15, 1920.[1]

5.     Based upon public information, Suzuki has its principal place of business at 300 Takatsuka-Cho, Chuo-ku, Hamamatsu-shi, Shizuoka where it may be served.[2]

## JURISDICTION AND VENUE

6.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction

---

[1] *See* https://www.globalsuzuki.com/corporate/outline/index.html#facility (last visited April 4, 2025); see also, https://www2.jpx.co.jp/tseHpFront/JJK020030Action.do (search for "Suzuki"; last visited April 4, 2025)

[2] *See id*.

over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.    Suzuki is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due to at least its substantial business in this Judicial District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

9.    Specifically, Suzuki intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District, in the State of Texas, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

10.    More specifically, Suzuki directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.  Defendant has authorized sellers and sales representatives that offer and sell products identified in this Complaint throughout the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as in Suzuki authorized dealerships in this District and State.[3]

11.    On information and belief, Suzuki has significant ties to, and presence in, the State of Texas and this District, making venue in this Judicial District both proper and convenient for this action.

---

[3] *See* https://suzukicycles.com/dealers (last visited April 23, 2025)

12.    Therefore, venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3) and (c)(3).

## THE ACCUSED PRODUCTS

13.    Based upon public information, Defendant owns, operates, advertises, and/or controls the website www.globalsuzuki.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products.[4]

14.    Defendant offers at least the following products (hereinafter, the "Accused Products") that are incorporated into certain Suzuki vehicles and that infringe one or more claims of at least one of the Asserted Patents:

     o    Suzuki Advanced Electronic Suspension;

     o    Suzuki Engine Auto Stop-Start; and

     o    Suzuki Intelligent Ride System (S.I.R.S).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,315,769

15.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

16.    U.S. Patent No. 8,315,769 (the "'769 patent") was issued on November 20, 2012 after full and fair examination by the USPTO of Application No. 13/302,965 which was filed on November 22, 2011. The '769 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles." *See* '769 patent at p. 1.

17.    Vision Works owns all substantial rights, interest, and title in and to the '769 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

---

[4] *See* https://www.globalsuzuki.com/motorcycle/smgs/products/ (last visited April 23, 2025)

18.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '769 patent.

19.    The claims of the '769 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that control a vehicle's performance by continuously updating the suspension of a vehicle for optimum performance based on the lateral acceleration of the vehicle's body when cornering.

20.    The written description of the '769 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '769 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises Suzuki Advanced Electronic Suspension.

22.    Based upon public information, the Suzuki Advanced Electronic Suspension meets each and every step of at least Claim 21 of the '769 Patent, either literally or equivalently. Specifically, Defendant's provision of the Suzuki Advanced Electronic Suspension has infringed, and continues to infringe, at least said claim because it provides a method for controlling the performance characteristics of a vehicle by sensing its lateral acceleration at the vehicle, sending a signal to a plurality of control devices based upon the vehicle's lateral acceleration, and adjusting

a suspension characteristic of the vehicle based upon the lateral acceleration of the vehicle.[5]

23.    Based upon public information, Defendant's customers use the Suzuki Advanced Electronic Suspension in such a way that infringes one or more claims of the '769 patent.[6]

24.    To the extent that Defendant is not the only direct infringer of one or more claims of the '769 patent, it instructs its customers on how to use the Suzuki Advanced Electronic Suspension in ways that infringe said claims through its support and sales activities.[7]

25.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '769 patent by, at a minimum, providing and supporting the Suzuki Advanced Electronic Suspension and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.[8]

26.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '769 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use the Suzuki Advanced Electronic Suspension in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent

---

[5] As an example, Suzuki Model No. GSX-S1000GX+.utilizes the Suzuki Advanced Electronic Suspension.  *See*

https://suzukicycles.com/-/media/project/cycles/files/product-brochures/2025/crossover/2025crossovergsxs1000gxosr11.pdf (last visited April 23, 2025).

[6] *See id.; see also* Footnote 4.

[7] *See id.*

[8] *See id.*

to cause them to use the Suzuki Advanced Electronic Suspension in a manner that infringes one or more claims of the '769 patent, including, for example, Claim 21.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Suzuki Advanced Electronic Suspension in an infringing manner; advertising and promoting its use in an infringing manner; or distributing instructions that guide users to use the Suzuki Advanced Electronic Suspension in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '769 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '769 patent.  Defendant's inducement is ongoing.[9]

27.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '769 patent.  Defendant has contributed, and continues to contribute, to the direct infringement of the '769 patent by its customers, personnel, and contractors.  The Suzuki Advanced Electronic Suspension has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '769 patent, including, for example, Claim 21.  The special features constitute a material part of the invention of one or more of the claims of the '769 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.[10]

28.    Despite knowledge of the '769 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable,

---

[9] *See id.*

[10] *See id.*

and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '769 patent. Based upon public information, the provision of and sale of the Suzuki Advanced Electronic Suspension is a source of revenue and a business focus for Defendant.[11]

29.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

30.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

31.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

32.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '769 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

33.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '769 patent. Defendant's actions have interfered with and will interfere with Vision Works's

---

[11] *See id.*

ability to license technology. The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology. The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,437,935

35. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

36. U.S. Patent No. 8,437,935 (the "'935 patent") was issued on May 7, 2013 after full and fair examination by the USPTO of Application No. 12/464,601 which was filed on May 12, 2009. *See* '935 patent at p. 1. The '935 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."

37. The '935 patent was subject to reexamination (Application No. 90/015,258) in which claims 1-28 were challenged. While claims 9, 12, 13, 16, 17, 18, 19, and 20 were cancelled during this reexamination, the other claims were confirmed. The USPTO intends to issue a reexamination certificate as indicated by its April 4, 2025 notice.

38. Vision Works owns all substantial rights, interest, and title in and to the '935 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

39. Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '935 patent.

40. The claims of the '935 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that save fuel and reduce emissions by automatically turning off a vehicle's

idling engine if it is stationary for a prescribed amount of time.

41.    The written description of the '935 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '935 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Suzuki Engine Auto Stop-Start feature.

43.    Based upon public information, the Suzuki Engine Auto Stop-Start feature meets each and every step of at least Claim 1 of the '935 patent, either literally or equivalently. Specifically, Defendant's provision of the Suzuki Engine Auto Stop-Start feature has infringed, and continues to infringe, at least said claims because the Suzuki Engine Auto Stop-Start feature provides a method for automatically turning off an idling engine of a vehicle by sensing a stationary status of the vehicle, activating an idling timer, with a deactivation time window, and detecting a transmission park-status of the vehicle where, if the vehicle is stationary, the idling timer is activated and is configured to send a de-activation signal to turn off the engine once the deactivation time window has expired and the transmission park-status of the vehicle is confirmed, and is programmed to expire after a predetermined period of time.[12]

44.    Based upon public information, Defendant's customers use the Suzuki Engine Auto

---

[12] As an example, Suzuki Burgman 400 utilizes the Suzuki Engine Auto Stop-Start feature. *See* https://www.globalsuzuki.com/motorcycle/smgs/products/icon.php (last visited April 23, 2025).

Stop-Start feature in such a way that infringes one or more claims of the '935 patent.[13]

45.    To the extent that Defendant is not the only direct infringer of one or more claims of the '935 patent, it instructs its customers on how to use the Suzuki Engine Auto Stop-Start feature in ways that infringe said claims through its support and sales activities.[14]

46.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '935 patent by, at a minimum, providing and supporting the Suzuki Engine Auto Stop-Start feature and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.[15]

47.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '935 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use the Suzuki Engine Auto Stop-Start feature in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Suzuki Engine Auto Stop-Start feature in a manner that infringes one or more claims of the '935 patent, including, for example, Claim 1.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Suzuki Engine Auto Stop-Start feature in an infringing manner; advertising and

---

[13] *See id.; see also* Footnote 4,

[14] *See id.*

[15] *See* 4.

promoting the use of the Suzuki Engine Auto Stop-Start feature in an infringing manner; or distributing instructions that guide users to use the Suzuki Engine Auto Stop-Start feature in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '935 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Suzuki Engine Auto Stop-Start feature by others would infringe the '935 patent.  Defendant's inducement is ongoing.[16]

48.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '935 patent.  Defendant has contributed and continues to contribute to the direct infringement of the '935 patent by its customers, personnel, and contractors. the Suzuki Engine Auto Stop-Start feature has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '935 patent, including, for example, Claim 1.  The special features constitute a material part of the invention of one or more of the claims of the '935 patent and are not staple articles of commerce suitable for substantial non-infringing use.   Defendant's contributory infringement is ongoing.[17]

49.    Despite knowledge of the '935 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '935 patent.  Based upon public information, the provision of and sale of the Suzuki Engine Auto Stop-Start feature is a source of revenue and a business focus for Defendant.

---

[16] *See id.*

[17] *See id.*

50.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

51.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

52.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

53.     Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '935 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

54.     Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55.     Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '935 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,682,558

56.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as

though fully set forth in their entirety.

57.    U.S. Patent No. 8,682,558 (the "'558 patent") was issued on March 25, 2014 after full and fair examination by the USPTO of Application No. 13/650,017 which was filed on October 11, 2012.  *See* '558 patent at p. 1.  The '558 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."

58.    Vision Works owns all substantial rights, interest, and title in and to the '558 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

59.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '558 Patent.

60.    The claims of the '558 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that use measurements of the absolute acceleration of a vehicle to control at least one of its performance systems.

61.    The written description of the '558 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

62.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '558 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises Suzuki

Advanced Electronic Suspension.

63.    Based upon public information, the Suzuki Advanced Electronic Suspension meets each and every step of at least Claim 21 of the '558 patent, either literally or equivalently. Specifically, Defendant's provision of the Suzuki Advanced Electronic Suspension has infringed, and continues to infringe, at least said claim because the Suzuki Advanced Electronic Suspension provides a system for monitoring and controlling the performance characteristics of a vehicle including an accelerometer-gyroscope for sensing an absolute acceleration of the vehicle, a vehicle computer unit that receives a signal from the accelerometer-gyroscope based upon the absolute acceleration of the vehicle and operates one or more vehicle performance systems based upon the absolute acceleration of the vehicle.[18]

64.    Based upon public information, Defendant's customers use the Suzuki Advanced Electronic Suspension in such a way that infringes one or more claims of the '558 patent.[19]

65.    To the extent that Defendant is not the only direct infringer of one or more claims of the '558 patent, it instructs its customers on how to use the Suzuki Advanced Electronic Suspension in ways that infringe said claims through its support and sales activities.[20]

66.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '558 patent by, at a minimum, providing and supporting the Suzuki Advanced Electronic Suspension and instructing its customers on how to use it in an infringing manner, at least through information available on

---

[18] As an example, Suzuki Model No. GSX-S1000GX+.utilizes the Suzuki Advanced Electronic Suspension.  *See*

https://suzukicycles.com/-/media/project/cycles/files/product-brochures/2025/crossover/2025crossovergsxs1000gxosr11.pdf (last visited April 23, 2025).

[19] *See id.; see also* Footnote 4.

[20] *See id.*

Defendant's website including information brochures, promotional material, and contact information.[21]

67.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '558 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use the Suzuki Advanced Electronic Suspension in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Suzuki Advanced Electronic Suspension in a manner that infringes one or more claims of the '558 patent, including, for example, Claim 21.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Suzuki Advanced Electronic Suspension l in an infringing manner; advertising and promoting the use of the Suzuki Advanced Electronic Suspension in an infringing manner; or distributing instructions that guide users to use the Suzuki Advanced Electronic Suspension in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '558 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '558 patent.  Defendant's inducement is ongoing.[22]

68.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '558 patent.  Defendant has contributed and continues to contribute to the direct infringement of the '558 patent by its customers, personnel, and contractors.

---

[21] *See id.*

[22] *See id.*

the Suzuki Advanced Electronic Suspension has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '558 patent, including, for example, Claim 21.  The special features constitute a material part of the invention of one or more of the claims of the '558 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.[23]

69.    Despite knowledge of the '558 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '558 patent.  Based upon public information, the provision of and sale of the Suzuki Advanced Electronic Suspension is a source of revenue and a business focus for Defendant.

70.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

71.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

72.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

73.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '558 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

---

[23] *See id.*

74.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

75.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '558 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.  The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT IV: <u>INFRINGEMENT OF U.S. PATENT NO. 10,391,989</u>

76.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

77.    U.S. Patent No. 10,391,989 (The "'989 patent") was issued on August 27, 2019 after full and fair examination by the USPTO of Application No. 15/791,133 which was filed on October 23, 2017.  *See* '989 patent at p. 1.  The '989 patent is entitled "Absolute Acceleration Sensor For Use Within Moving Vehicles."

78.    Vision Works owns all substantial rights, interest, and title in and to the '989 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

79.    Vision Works or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the

'989 patent.

80.    The claims of the '989 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components for detecting levels of lateral acceleration of moving vehicles and generating responses to changes in these levels to maintain stability under varying driving and road conditions.

81.    The written description of the '989 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

82.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '989 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises using the Suzuki Intelligent Ride System (S.I.R.S.).

83.    Based upon public information, the S.I.R.S. meets each and every step of at least Claim 9 of the '989 patent, either literally or equivalently.  Specifically, Defendant's provision of the S.I.R.S has infringed, and continues to infringe at least said claims because the S.I.R.S. provides a method for monitoring a vehicle that comprises detecting lateral acceleration of a vehicle; determining whether that lateral acceleration is greater than a threshold value; and reducing the speed of the vehicle based on the vehicle's heading.[24]

---

[24] As an example, Suzuki Model No. GSX-S1000GX+.utilizes the S.I.R.S.  *See* https://suzukicycles.com/crossover/2025/gsx-s1000gx-plus (last visited April 23, 2025).

84.    Based upon public information, Defendant's customers use the S.I.R.S. in such a way that infringes one or more claims of the '989 patent.

85.    To the extent that Defendant is not the only direct infringer of one or more claims of the '989 patent, it instructs its customers on how to use the S.I.R.S. in ways that infringe said claims through its support and sales activities.[25]

86.    Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '989 patent by, at a minimum, providing and supporting the S.I.R.S. and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.[26]

87.    Based upon public information, Defendant has intentionally induced, and continues to induce, infringement of one or more claims of the '989 patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, employees, partners, or contractors to use the S.I.R.S. in an infringing manner.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the S.I.R.S. in a manner that infringes one or more claims of the '989 patent, including, for example, Claim 9.  Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the S.I.R.S. in an infringing manner; advertising and promoting the use of the S.I.R.S. in an infringing manner; or distributing instructions that guide users to use the S.I.R.S. in an infringing manner.  Defendant is performing these steps, which

---

[25] *See id.; see also* Footnote 4.

[26] *See id.*

constitute induced infringement with the knowledge of the '989 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the S.I.R.S. by others would infringe the '989 patent. Defendant's inducement is ongoing.[27]

88.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '989 patent. Defendant has contributed and continues to contribute to the direct infringement of the '989 patent by its customers, personnel, and contractors. the S.I.R.S. has special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '989 patent, including, for example, Claim 9. The special features constitute a material part of the invention of one or more of the claims of the '989 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.[28]

89.    Despite knowledge of the '989 patent since as early as the date the original complaint was served, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '989 patent. Based upon public information, the provision of and sale of the S.I.R.S. is a source of revenue and a business focus for Defendant.

90.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

91.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Vision Works' patent rights.

---

[27] *See id.*

[28] *See id.*

92.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

93.    Since at least the filing of the original complaint in this matter, Defendant's direct and indirect infringement of the '989 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

94.    Vision Works has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Vision Works in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

95.    Vision Works has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Vision Works has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '989 patent.  Defendant's actions have interfered with and will interfere with Vision Works's ability to license technology.   The balance of hardships favors Vision Works's ability to commercialize its own ideas and technology.  The public interest in allowing Vision Works to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

96.    Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

97.    Plaintiff respectfully requests the following relief:

   A.    An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff

Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patent by such entities;

D.    Judgment that Defendant's infringements be found willful as to the Asserted Patents; and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E.    Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

F.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G.    Any further relief that this Court deems just and proper.

Dated: <u>April 23, 2025</u>                     Respectfully submitted,

<div align="right" style="margin-left:40%">

<u>/s/ James F. McDonough, III</u>

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

*Attorneys for Plaintiff VISION WORKS IP CORP.*

* Admitted to the Eastern District of Texas

</div>

<u>**Attachments**</u>
- Civil Cover Sheet
- Proposed Summons